967 F.2d 592
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lyle BOESE, Defendant-Appellant.
 No. 91-10243.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1992.*
Decided June 26, 1992.
 
 Before GOODWIN, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case addresses a convicted defendant's rights to a sentence proportionate to his crime and to additional credit for time served under extreme conditions. Based upon David Boese's plea of guilty to interstate travel in aid of racketeering, see 18 U.S.C. § 1952, and money laundering, see id. § 1956, the district court sentenced him to consecutive prison terms of 3 and 19 years. We have jurisdiction and we affirm.
 
 
 3
 Boese played a leading role in a scheme to import 42 tons of marijuana from Thailand and to launder the profits through a casino in Nevada. Federal agents infiltrated the scheme and arrested a number of participants. Boese admitted his involvement in the scheme and assisted the government in recovering in excess of $2,100,000 in ill-gotten gains.
 
 
 4
 Boese entered into two related plea agreements. Under both agreements, $7,618,570 of cash that the participants attempted to launder was forfeited. Under the first agreement, the participants agreed to disgorge an additional $7,000,000 of ill-gotten gains in exchange for maximum sentences of, in Boese's case, 3 and 10 years.[1] Under the related supplemental agreement, which arose because the participants either could not or chose not to disgorge the $7,000,000 of ill-gotten gains, Boese agreed to disgorge in excess of $2,100,000. The three year interstate travel in aid of racketeering cap remained, but the limitation on the money laundering count was removed. The district court accepted Boese's guilty plea under the related supplemental agreement.
 
 
 5
 Boese has a history of criminal convictions, which include car theft and cocaine distribution. At the time of his arrest, Boese was wanted for failing to appear to serve an 18 year sentence on the cocaine distribution conviction. The district court considered Boese's criminal history, his participation in the scheme, the complexity of the scheme and Boese's subsequent cooperation, and sentenced Boese to consecutive terms of 3 years for interstate travel in aid of racketeering and 19 years for money laundering. The consecutive sentences run concurrently with the 18 year cocaine distribution sentence. Boese received 1258 days of credit against his consecutive sentences for time served while awaiting judgment and sentencing.
 
 
 6
 Boese was confined in a maximum security prison while awaiting judgment and sentencing. The unit he occupied houses death row inmates for the last few hours before their executions. Three executions occurred during Boese's incarceration and two were stayed shortly before being carried out. Boese's cell covered 48 square feet. Due to his status as an ethnic minority,[2] Boese claims that he constantly feared for his life.
 
 
 7
 We review sentencing decisions for abuse of discretion. Generally a district court does not abuse its discretion when it imposes a sentence within statutory limits. Constitutional concerns allow us to review a sentence that falls within statutory limits. United States v. Meyers, 847 F.2d 1408, 1416 (9th Cir.1988). Except for the determination of underlying historical facts, which we always review for clear error, constitutional issues generally receive de novo review. United States v. McConney, 728 F.2d 1195, 1200, 1204 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 8
 Boese argues that his sentence is unconstitutionally disproportionate to his crimes. Boese invites us to apply Solem v. Helm, 463 U.S. 277 (1983), to his case. The correct standards for Boese's appeal are found not there, however, but in Justice Kennedy's concurrence in Harmelin v. Michigan, 111 S.Ct. 2680, 2702 (1991) (Kennedy, J., concurring). See United States v. Van Winrow, 951 F.2d 1069, 1071 & n. 2 (9th Cir.1991) (citing and quoting Marks v. United States, 430 U.S. 188, 193 (1977) (fragmented Court's holding is narrowest ground supporting judgment)).
 
 
 9
 In Harmelin, Justice Kennedy addresses the power of Michigan's legislature to mandate a life sentence without parole for possession of more than 650 grams of cocaine. He explains that the eighth amendment does not require strict proportionality; it forbids gross disproportionality. Harmelin, 111 S.Ct. at 2705 (Kennedy, J., concurring). "[I]ntra and inter-jurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Id. at 2707. The Court's "Eighth Amendment capital decisions reject any requirement of individualized sentencing in noncapital cases." Id.
 
 
 10
 Boese does not contend that the maximum sentences authorized by statute are disproportionate. He complains instead that his individual sentence is disproportionate. Justice Kennedy specifically observed that a far more severe sentence--40 years--for a crime far less serious than Boese's--possession with intent to distribute nine ounces of marijuana--was not disproportionate. Id. at 2706 (citing Hutto v. Davis, 454 U.S. 370 (1982)). We conclude that Boese's sentence is not disproportionate in violation of the eighth amendment.
 
 
 11
 Boese contends that the district court unfairly penalized him by sentencing him under the supplemental plea agreement when the participants could not come up with the $7,000,000 required by the first plea agreement. Boese does not maintain that he complied with the first plea agreement. To be valid, a guilty plea " 'not only must be voluntary but must be [a] knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances and likely consequences.' " Haring v. Prosise, 462 U.S. 306, 319 (1983) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). Boese does not argue, and the sentencing transcript does not support, that his assent to the supplemental plea agreement was anything but voluntary, knowing and intelligent. We conclude that the district court did not abuse its discretion by sentencing Boese to terms specifically authorized by a valid plea agreement.
 
 
 12
 Boese argues that his two sentences should run concurrently, not consecutively. His argument posits that the district court did not properly consider the factors set forth in 18 U.S.C. § 3553(a). A fair reading of the transcript belies this contention. The district court thought long and hard about Boese's sentence, and whether his terms should run concurrently or consecutively. We conclude that the district court did not abuse its discretion by imposing consecutive sentences that were authorized both by statute and by Boese's plea agreement. See Myers, 847 F.2d at 1416.
 
 
 13
 Boese asserts that his detention in a cell unit in which Nevada executes its capital convicts violates both due process and the eighth amendment. He seeks to lever these violations into an enhanced sentence reduction by applying a multiplier to the credit the district court gave him for time served.
 
 
 14
 Nonpunitive pretrial detention occurs in a wide variety of facilities. Bell v. Wolfish, 441 U.S. 520, 537 (1979). Once lawfully incarcerated, a detainee must accept limitations on his rights and privileges. Id. at 545-46. The government has the right to enforce administrative measures in its detention facilities to ensure order and security and to exclude contraband. Id. at 540.
 
 
 15
 Due process requires an adjudication of guilt before punishment. Id. at 535. Pretrial detention becomes punishment "if a restriction or condition is not reasonably related to a legitimate goal--if it is arbitrary or purposeless--a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." Id. at 539.
 
 
 16
 Boese correctly observes that the eighth amendment requires that his conditions of incarceration comport with evolving standards of decency. Wright v. Rushen, 642 F.2d 1129, 1133 (9th Cir.1981). Those standards focus, however, on "adequate food, clothing, shelter, sanitation, medical care, and personal safety." Id. at 1132-33.
 
 
 17
 Most of Boese's complaints about the conditions of his detention come with the territory. In fact, in Bell the Court specifically held that two people could be detained in 75 square feet of space. 441 U.S. at 541-42. Boese was detained alone in 48 square feet. Although Boese feared for his safety, he does not maintain that prison officials willfully subjected him to risk of bodily harm. Cf. Davidson v. Cannon, 474 U.S. 344, 347 (1986) (section 1983 action requires more than mere negligence).
 
 
 18
 The gravamen of Boese's argument is his proximity to Nevada's facility for executing capital convicts ("death row"). In Bell, certain deprivations were permissible because of the brevity of detention. 441 U.S. at 543, 552. Boese was detained on death row for three and a half years.
 
 
 19
 We need not reach the question whether Boese's conditions of detention violated either the due process clause or the eighth amendment. Even if Boese's pretrial detention was punishment, the context within which he presses his argument requires its rejection. Other than a military case involving overseas incarceration, Boese offers no authority for the novel proposition that we should reverse the district court's exercise of discretion in sentencing and award Boese additional credit for time served.
 
 
 20
 Boese should have objected to his incarceration on Nevada's death row via a habeas petition during that incarceration. As we observed supra, Boese received credit for time served. By failing timely to object, he waived his right to a hearing on the conditions of his confinement.
 
 
 21
 As well, any of Boese's concerns about his 18 year cocaine distribution sentence should be the subject of a habeas petition.
 
 
 22
 The district court's sentence of Boese to consecutive terms of 3 and 19 years with credit for time served is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Boese was sentenced under pre-guidelines rules. The maximum for interstate travel in aid of racketeering is 5 years, § 1952, and the maximum for money laundering is 20 years. § 1956
 
 
 [2]
 The prison primarily houses Mariel Cubans. Boese is a caucasian